UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLASS IRELAND, LLC,<br>Plaintiff,<br>v.<br>THICK VATOS AND TACOS LLC, *et al.*,<br>Defendants. | Case No. 2:24-cv-3291-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

After initiating this action in November 2024, plaintiff filed the first amended complaint in January 2025, alleging copyright infringement, trademark infringement, and unfair competition. ECF No. 8. Since that time, plaintiff has sought discovery from defendants and has taken various actions to obtain discovery, including stipulations to extend discovery dates and pre-discovery motion conferences. *See* ECF Nos. 16, 21, & 26. When those actions did not yield an appropriate response, plaintiff, on March 17, 2026, filed a motion to compel discovery, arguing that defendants had failed to respond to any written discovery requests. ECF No 29. On April 23, 2026, the court granted plaintiff's motion in part and ordered defendants to produce discovery responses within seven days. ECF No. 31. That deadline has passed, and defendants have failed to comply with the court's order. Indeed, Plaintiff states that it has received no communication from defendants since the discovery motion hearing. ECF No. 33-1 at 4.

On May 7, 2026, plaintiff filed a motion for attorney's fees regarding its motion to compel discovery. ECF No. 32. On May 21, 2026, plaintiff filed a motion for sanctions for defendants' failure to comply with the court's order to produce discovery. ECF No. 33. Defendants have not opposed either motion. I construe their failure to file an opposition as a non-opposition to each motion. *See* E.D. Cal. L.R. 230(c). For the following reasons, I recommend that both motions be granted in part.

**I. Motion for Default Judgment and to Strike Defendants' Answer**

In its motion for sanctions, plaintiff requests that the court issue the sanction of an entry of default judgment against defendants and strike defendants' answer to the first amended complaint. ECF No. 33 at 9-15.

Under Federal Rule of Civil Procedure 37, if a party fails to obey an order to provide discovery, the court may issue sanctions against the non-responding party. Fed. R. Civ. P. 37(b)(2)(A). These sanctions can include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Pursuant to Local Rule 251, "when there has been a complete and total failure to respond to a discovery request or order," an aggrieved party may bring a motion for sanctions for hearing on fourteen days' notice. E.D. Cal. L.R. 251(e). Failure to comply with "any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.

Plaintiff has shown that defendants have failed to comply with this court's order requiring discovery production. Defendants' lack of response to plaintiff and their lack of opposition to these motions demonstrates that sanctions are appropriate. Normally, the court would weigh various factors to determine if a default judgment is appropriate. *See Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The weighing of those factors is not merited at this time, though.

Default judgment is a two-step procedure. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a

default is entered, then "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Therefore, plaintiff must request an entry of default before motioning for default judgment.

Plaintiff's request to strike the answer is the appropriate first step before requesting an entry of default. "Where a defendant has filed an answer, as here, the Court cannot enter a default unless the Answer is first stricken." *Staniforth v. Total Wealth Mgmt., Inc.*, No. 14-CV-01899-GPC-JLB, 2022 WL 774733, at *2 (S.D. Cal. Feb. 17, 2022) (citing *Osgood v. Main Streat Marketing, LLC*, No. 16-cv-2415-GPC (BGS), 2017 WL 3194460, at *2 (S.D. Cal. Jul. 27, 2017)). "A defendant's answer may be stricken when the defendant persistently fails to participate in the action." *Id.* (citing *Microsoft Corp. v. Marturano*, No. 1:06-cv-1747-OWW-GSA, 2009 WL 1530040, at *6 (E.D. Cal. May 27, 2009)). Here, defendants have persistently failed to participate. The court has ordered their compliance with plaintiff's discovery requests, yet defendants have failed to comply. Defendants have also not opposed these motions, further indicating that they are not participating in this action. Therefore, I recommend that the answer be stricken.

**II. Motion for Sanction of Certifying Facts Finding Defendants in Contempt**

Plaintiff also requests that I certify facts finding defendants in contempt for disobeying a court order. ECF No. 33 at 15-16. "A court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceeding." *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir. 1976). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The purpose of a civil contempt sanction is to coerce the party in contempt to comply with the court's order in the future, with the sanction conditioned on continued noncompliance. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). The district court has considerable discretion in fashioning appropriate sanctions to address contemptuous conduct. *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1364, 1369 (9th Cir. 1980) ("The choice among the various sanctions rests within the discretion of the district court."); *United*

*States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980) (The Court of Appeals "defer[s] considerably to the judgment of the district court in fashioning the appropriate sentence because of its proximity to the events out of which the contempt springs.").

Although defendants have not complied with the court order to produce discovery, there is no need to certify facts for the court to find defendants in contempt for disobeying the order. I am recommending that the court strike defendants' answer so that plaintiff may request an entry of default before moving for default judgment. If default judgment is granted, then there would be no need for the court to order production of discovery. Therefore, I decline to certify facts finding defendants in contempt and recommend against the court finding defendants in contempt.

**III. Motion for Attorney's Fees**

Plaintiff also requests attorney's fees associated with its motion to compel discovery and the present motion for attorney's fees.[1] ECF No. 32. "Rule 37(a)(5) requires, upon a party's successful motion to compel discovery, that the court order the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1223 (9th Cir. 2018) (internal citation and quotation marks omitted). Plaintiff successfully brought a motion to compel discovery, which was granted in part. *See* ECF Nos. 29 & 30. Accordingly, the court should award reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5)(A).

[1] "As a general matter, the attorneys' fees included in a sanctions award must have a direct causal relation to a party's bad faith conduct. However, in the exceptional case where a litigant's bad faith conduct is pervasive and egregious, a district court may award all of a party's attorneys' fees in a lawsuit as part of a sanction." *Harkey v. Beutler*, 817 F. App'x 389, 392 (9th Cir. 2020) (internal citations omitted). I do not find, and plaintiff does not argue, that this is an exceptional case of pervasive and egregious misconduct. Thus, the expenses awarded here will be limited to attorney's fees incurred in relation to the motion to compel and the present motion for attorney's fees.

The court employs a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the court determines whether to increase or reduce that figure based on several factors. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). In assessing a fee award, the court need not "achieve auditing perfection" or "become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rather, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

Plaintiff seeks $18,347.55 in attorney's fees, arising from hours of attorney work between November 2025 and April 2026.[2] Plaintiff's counsel Karen Gaunt, Arielle Goren, and Cesar Munoz billed at hourly adjusted rates of $704.43, $471.30, and $441.52, respectively, in March 2026 and April 2026. ECF No. 32-1 at 4-5. Nowhere in the motion does counsel explain why these rates are reasonable. Plaintiff does not list the experience level of the three attorneys, though their billing statements reflect that Ms. Gaunt is a partner and Ms. Goren and Mr. Munoz are associates. *See* ECF No. 32-1 at 20. Defendants have not opposed the motion; therefore, the court is left to analyze the rates with the limited information it has been given.

Ms. Gaunt does not provide her level of experience. Prevailing hourly rates in this district generally fall in the $400 through $695 range, with a greater range for partners, commensurate with experience. *See Smothers v. NorthStar Alarm Servs.*, LLC, No. 2:17-cv-0548-KJM-KJN, 2020 WL 1532058, at *9 (E.D. Cal. Mar. 31, 2020) (noting relevant prevailing hourly rates in the $400 range and approving $695 for partner with over thirty years of experience) (citations

---

[2] Plaintiff's counsel states that they recorded "a total time of over 68.8 hours of work." ECF No. 32-1 at 2. But plaintiff's counsel then states that they billed their client for approximately half that amount. *Id.* at 3. Further, the hours listed on the declaration of Karen Gaunt do not consistently match the hours listed in the billing statements. *Compare* ECF 32-1 at 4 (stating that in March 2026, Cesar Munoz worked 9.8 hours) *with* ECF No. 32-1 at 20 (showing that Cesar Munoz billed 5 hours in March 2026). I therefore use the billing statements to determine reasonable attorney's fees.

omitted); *Tri Tool, Inc. v. Hales*, 2:22-cv-1515-DAD-CSK, 2025 WL 1735385, at *2 (E.D. Cal. Jun. 23, 2025) (setting hourly rate of $485 for an attorney with more than ten years of experience and noting that hourly rates for senior counsel and partners are usually between $490 and $695). Accordingly, I find that $600 per hour is reasonable, since this amount appropriately accounts for Ms. Gaunt's position and is generally consistent with the range of rates awarded in other decisions in this district.

Goren and Munoz also do not provide their level of experience. Lower rates for associates are more commonly approved. *See Smothers*, 2020 WL 1532058, at *9 (finding $300 per hour reasonable for associates with three years' experience); *Unit 53, Inc. v. Run Roadlines, Inc.*, No. 2:24-cv-1718-DJC-CSK, 2025 WL 373637, at *2 (E.D. Cal. Feb. 3, 2025) (finding $370 per hour reasonable for associate with over three years' experience and $310 per hour reasonable for associate with over two years' experience). Therefore, I find that $350 per hour is a reasonable rate for Ms. Goren and Mr. Munoz.

On the hours reasonably expended, I find that some of the hours of attorney work billed are excessive. Specifically, plaintiff seeks to bill time spent during the meet and confer process before any motion to compel was authorized. Plaintiff does not explain why they are entitled to such fees. As noted, Rule 37 allows for "the movant's reasonable expenses incurred in making the motion" to compel discovery, not all fees leading up to that motion. *See Sali*, 884 F.3d at 1223. Further, under Rule 37, "[a] party may be awarded its reasonable attorney fees incurred in preparing a subsequent fee application." *TVI, Inc. v. Harmony Enters., Inc.*, No. C18-cv-1461-JCC, 2019 WL 5213247, at *1 (W.D. Wash. Oct. 16, 2019) (citing *Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996) ("[C]ompensation [for time spent preparing fee applications] must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received.")). Accordingly, any time expended on matters other than the motion to compel and the present motion for attorney's fees will be excluded.

My review of the billing statements reveals that Ms. Gaunt expended 2.3 hours of work on the two qualifying motions between March 12, 2026, and April 28, 2026. *See* ECF No. 32-1 at

21-26. Multiplying those hours by her reasonable hourly rate of $600, plaintiff's counsel is entitled to $1,380 for the work performed by Ms. Gaunt.

Ms. Goren expended 4.5 hours of work on the two qualifying motions between March 10, 2026, and April 30, 2026. *See id*. Multiplying those hours by her reasonable hourly rate of $350, plaintiff's counsel is entitled to $1,575 for the work performed by Ms. Goren.

Mr. Munoz expended 8 hours of work on the two qualifying motions between March 11, 2026, and April 30, 2026. *See id*. Multiplying those hours by his reasonable hourly rate of $350, plaintiff's counsel is entitled to $2,800 for the work performed by Mr. Munoz.

In total, plaintiff's counsel should be awarded $5,755 for the work performed in relation to the motion to compel discovery and the present motion for attorney's fees. Accordingly, $5,755 represents a reasonable award of plaintiff's attorney's fees as a sanction under Federal Rule of Civil Procedure 37(a)(5)(A).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for sanctions, ECF No. 33, be GRANTED in part.

2. Defendants' answer to the first amended complaint, ECF No. 10, be STRICKEN.

3. Plaintiff's motion for attorney's fees, ECF No. 32, be GRANTED in part.

4. Defendants be ordered to pay plaintiff's attorney's fees in the amount of $5,755 as a sanction under Rule 37(a)(5)(A) within fourteen days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 11, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE